**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-4275**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KALVIN WALKER,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:20-cr-00131-HEH-1)

———————

Submitted:  July 28, 2022                                        Decided:  September 13, 2022

———————

Before DIAZ, RICHARDSON, and RUSHING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Nia Ayanna Vidal, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Heather Hart Mansfield, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kalvin Walker pled guilty, without a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  At the sentencing hearing, the district court sustained the Government's objection to the Sentencing Guidelines calculation and applied a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2021).  The court thus calculated a Guidelines range of 46 to 57 months' imprisonment, and sentenced Walker to 46 months' imprisonment.  On appeal, Walker challenges the district court's application of the enhancement.  We affirm.

A Guidelines error is harmless—and, thus, does not warrant reversal—if "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (cleaned up).  The error will be deemed harmless if we are "certain" that these requirements are satisfied.  *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

Initially, Walker questions whether the assumed harmless error inquiry conflicts with the Supreme Court's decisions in *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018), and *Molina-Martinez v. United States*, 578 U.S. 189 (2016).  We conclude that the assumed error harmlessness inquiry does not conflict with the Supreme Court's emphasis on the importance of starting the sentencing process with the correct Guidelines range.  In fact, the Supreme Court has expressly recognized that "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist," such as where the explanation of the sentencing factors demonstrates "that

2

the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Molina-Martinez*, 578 U.S. at 200; *see Mills*, 917 F.3d at 330 (recognizing the same).

Applying the assumed error harmlessness inquiry here, we conclude that the first prong of the inquiry is satisfied. The district court explicitly stated that, even if it incorrectly calculated the Guidelines range, it nonetheless believed an upward variance sentence of 46 months was appropriate. Therefore, the "court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014).

Turning to the second prong, we consider whether the sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed errors. *Mills*, 917 F.3d at 331. When reviewing the substantive reasonableness of a sentence, "we must examine the totality of the circumstances . . . to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (cleaned up). In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

In reaching the sentence, the district court indicated that an upward variance was warranted in light of Walker's background, as well as the facts and circumstances of the case. Our view of the record confirms that the district court substantially discussed the circumstances relating to Walker's offense when considering whether to apply the firearm

3

enhancement.  Before imposing the sentence, the district court acknowledged Walker's troubled childhood, medical history, and positive employment record.  However, the district court further acknowledged Walker's relatively extensive criminal history, which included firearms convictions.  Based on the factors identified by the district court, we are satisfied that Walker's upward variance sentence is substantively reasonable and, consequently, that any miscalculation of the Guidelines range was harmless.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*